# EXHIBIT A

EFiled: Nov 08 2017 11:39AM EST
Transaction ID 61337089
Case No. K17C-11-010 NEP

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| M. Denise Tolliver, Pro Se<br>Plaintiff<br><br>v.<br>Delmarva Foundation for Medical Care,<br>Quality Health Strategies, and<br>Terri Daly.<br>Defendants | ) | SUMMONS |

THE STATE OF DELAWARE

TO THE SHERIFF OF COUNTY: KENT

YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon M. Denise Tolliver (Pro Se) whose address is 109 Gardengate Road, Camden, DE 19934, an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).

To serve upon defendants a copy hereof and the complaint.

Dated: November 8, 2017

Annette Ashley
Prothonotary

____________________
Per Deputy

TO THE ABOVE DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

Annette Ashley
Prothonotary

____________________
Per Deputy

EFiled: Nov 08 2017 11:39AM EST
Transaction ID 61337089
Case No. K17C-11-010 NEP

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| M. Denise Tolliver, Pro Se<br>Plaintiff | ) | C.A. No.________________ |
| v. | ) | |
| Delmarva Foundation for Medical Care,<br>Quality Health Strategies, and<br>Terri Daly.<br>Defendants | ) | Bench Trial Demanded |

**PRAECIPE**

To: PROTHONOTARY
Kent County Courthouse
414 Federal Street
Dover, DE 19901

PLEASE ISSUE SUMMONS AND COMPLAINT, upon defendants Delmarva Foundation for Medical Care, Quality Health Strategies, and Terri Daly by serving Ronald G. Forsythe, Jr., Interim President at 28464 Marlboro Avenue, Easton, Maryland 21601-2732.

M. Denise Tolliver
Pro Se Plaintiff
109 Gardengate Road
Camden, DE 19934
mdtolliver@hotmail.com
(302) 242-1482

Date: November 8, 2017

2017 NOV -8 AM 11:16
FILED
PROTHONOTARY

EFiled: Nov 08 2017 11:39AM EST
Transaction ID 61337089
Case No. K17C-11-010 NEP

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

COUNTY: N [K] S

CIVIL ACTION NUMBER: K17C-11-010

| | |
|---|---|
| Caption:<br>M. Denise Tolliver (Pro Se)<br>v.<br>Delmarva Foundation for Medical Care,<br>Quality Health Strategies, and<br>Terri Daly in individual and official capacities. | Civil Case Code: CMIS<br>Civil Case Type: CMIS Civil Miscellaneous<br>(See Reverse Side for Code and Type)<br>Name and Status of Party filing document:<br>M. Denise Tolliver (Pro Se)<br>Document Type: (E.G.; Complaint; Answer with counterclaim)<br>Complaint<br>Jury Demand: Yes ___ No X |
| Attorney Name(s):<br>M. Denise Tolliver (Pro Se)<br>Attorney ID(s):<br><br>Firm Name:<br><br>Address:<br>109 Gardengate Road<br>Camden, DE 19934<br>Telephone Number:<br>(302) 242-1482<br>Fax Number:<br>N/A<br>E-Mail Address:<br>mdtolliver@hotmail.com | Identify any related cases now pending in the Superior Court or any related cases that have been closed in this Court within the last two years by caption and civil action number including judge's initials:<br><br>Explain the relationship(s):<br><br>Other unusual issues that affect Case Management:<br><br>(If additional space is needed, please attach page) |

**The Prothonotary will not process the complaint, answer, or first responsive pleading in this matter for service until the case information statement (CIS) is filed. The failure to file the CIS and have the pleading processed for service may result in the dismissal of the complaint or may result in the answer or first responsive pleading being stricken.**

Revised 5/2009

EFiled: Nov 08 2017 11:39AM EST
Transaction ID 61337089
Case No. K17C-11-010 NEP

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| | ) | |
| M. Denise Tolliver, Pro Se | ) | |
| Plaintiff | ) | |
| | ) | C.A. No.______________ |
| v. | ) | |
| Delmarva Foundation for Medical Care, | ) | Bench Trial Demanded |
| Quality Health Strategies, and | ) | |
| Terri Daly. | ) | |
| Defendants | ) | |

**COMPLAINT**

1. Plaintiff M. Denise Tolliver files this action against Delmarva Foundation for Medical Care ("DFMC"), Quality Health Strategies ("QHS"), and Terri Daly ("Daly') in her individual and official capacities for damages for violation of Delaware Code Title 19 Chapter 11 Section 1108 (3); Delaware Discrimination in Employment Act ("DDEA") Disability failure to accommodate and Retaliation for engaging in protected activity; Defamation; and Breach of the Implied Covenant of Good Faith and Fair dealing for continued employment contingent upon grant renewal in her employment as

Project Supervisor in the Health Marketplace Guide program under Affordable Care Act a.k.a. Obamacare.

## NATURE OF THE ACTION

2. Plaintiff was hired on October 7, 2013 during year One ending June 30, 2014 of a 2-year grant with contingent second year renewal ending June 30, 2015. FY14, DFMC was paid grant funds in the amount of $1,106, 847 and in FY15, DFMC was paid $1,027,665 or a total of $2.13 million over two years.
3. Defendants breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract having not continued Plaintiff's employment through year Two.
4. Defendants violated Delaware Code Wage Payment and Collection Chapter 11 by not providing to Plaintiff notice of employment practices and policies with regard to comparable matters – unemployment compensation. Exempt salary employee excludes Plaintiff from overtime pay which does not extend to Plaintiff being exempted from being eligible for unemployment compensation.
5. Defendants failed to accommodate Plaintiff's disability and in retaliation refused to hire Plaintiff in any other open position for which Plaintiff applied. Defendants deprived Plaintiff of her right to engage in protected activity of reporting workplace injury without retaliation. It is undisputed fact that

Defendants stated reasons for Plaintiff not being reinstated from lay off was pretext.

6. This Court has jurisdiction over Plaintiff's claims and EEOC issued its Notice of Suit Rights August 14, 2017.

7. Plaintiff is a resident of Camden, Delaware, who at all time relevant to this Complaint was an employee of DFMC and/or QHS.

8. Defendant DFMC is a State of Delaware vendor and Health Marketplace Guide program grant recipient, and at all times relevant to this complaint, the employer of Plaintiff. IRS 990 form shows DFMC is a nonprofit that during FY2015 had 201 employees and approximately $27 million in assets; FY2014 there were 211 employees and approximately $30 million in assets. Defendant is subject to service of process at 28464 Marlboro Avenue, Easton, Maryland 21601-2732

9. Defendant QHS is parent company of DFMC, and at all times relevant to this complaint, the joint-employer of Plaintiff. Defendant is located at and service of process at 28464 Marlboro Avenue, Easton, Maryland 21601-2732.

10. Defendant Terri Daly is PHR Human Resources Generalist at QHS disregarded Plaintiff's written accommodation plan in performing injurious hiring practices which exacerbated Plaintiff's health conditions, is subject to process of service at 28464 Marlboro Avenue, Easton, Maryland 21601-2732.

## BACKGROUND

***Obamacare roll-out of historical significance***

11. Plaintiff was among a select number in Delaware who earned and was awarded Delaware Department of Insurance ("DOI") Health Marketplace Guide licensure to be able to give in-person help to consumers to get healthcare coverage at healthcare.gov online or by telephone. Plaintiff completed all required certifications and training which included but not limited to State and Federal Criminal Background checks; QHP Training; and Federal Training and Certificate.

12. Although encumbered with system failures and unbridled public cynicism surrounding the Affordable Care Act ("ACA"), the marketplace guide program was a proven success and continues to be an integral ACA component, today.

13. Having satisfied its year One grant requirements, DFMC was awarded its contingency 2nd Year term. DFMC made a public announcement of its grant renewal May 12, 2014.

***Plaintiff's public firing***

14. May 12, 2014, Plaintiff was ordered to attend a meeting of dozens of Athena employees assigned to DFMC that was held during work hours at a hotel in

Middletown, DE requiring transport to and from DFMC Delaware City office location.

15. It was at the meeting where Plaintiff was given her termination notice in writing, stripped of her DOI issued license and company mobile telephone then, transported back to DFMC office by Terri Daly.

16. Upon arrival at 250 5th Street, Delaware City address, DFMC without notice changed building security alarm code; setting off building alarm for an extended period of time.

17. The ruckus attracted attention of inhabitants both professionals and patrons at the mixed-use facility. Ms. Daly personally supervised Plaintiff's desk clean-out and escorted Plaintiff to the parking lot then stood guard until Plaintiff was off premises.

18. Plaintiff complained to Daly by email on or about May 13, 2014 about employer's breaches surrounding compensation as well as hiring and license reinstatement. May 22, 2014 Daly replied by email, "In light of contract reductions by our client, the State of Delaware, and our overall business conditions, your request for reinstatement is denied at this time."

## CLAIMS AND DAMAGES

19. Base upon the above allegations, Plaintiff maintains the following legal claims against Defendants:

**COUNT I AGAINST DEFENDANTS DFMC and QHS**
(Implied covenant of good faith and fair dealing)

20. Plaintiff incorporates herein by reference numbered paragraphs 1-19 above, as if specifically set forth herein.

21. By written agreement, Plaintiff was hired as an exempt salaried employee eligible to participate in DFMC group benefit programs.

22. Plaintiff was made aware by Defendants of the Health Marketplace Guide program 2-year contingency term whereby Plaintiff's employment would continue through the term of the grant.

23. Defendants' willful, wanton actions of public firing deprived Plaintiff of employment rights and privileges.

24. Plaintiff is entitled to compensatory and punitive damages.

**COUNT II AGAINST ALL DEFENDANTS**
(Violation of Delaware Code Title 19 Chapter 11 Section 1108 (3))

25. Plaintiff incorporates herein by reference numbered paragraphs 1-24 above, as if specifically set forth herein.

26. Defendants failed to provide notice to Plaintiff that she would be deprived of unemployment compensation in violation of Labor Provisions Chapter 11 Wage Payment and Collection whereby Defendants must make available to each employee in writing or through a poster notice maintained in a place accessible to the employees and where they normally pass employment

practices and policies with regard to vacation, pay, sick leave and comparable matters. Defendants deprived Plaintiff of her right to receive unemployment compensation for which she was eligible.

27. Defendants in their own hiring agreement without exceptions promised Plaintiff that she would "be eligible to participate in Delmarva Foundation's (Delmarva) group benefit programs, which represent a significant addition to your compensation."

28. Plaintiff is entitled to compensatory and punitive damages.

## COUNT III AGAINST ALL DEFENDANTS
(Defamation)

29. Plaintiff incorporates herein by reference numbered paragraphs 1-28 above, as if specifically set forth herein.

30. Defendants defamed Plaintiff by making it mandatory that Plaintiff attend an Athena employee meeting for the specific purpose of terminating Plaintiff's employment at DFMC.

31. Defendants defamed Plaintiff by setting off DFMC office building alarm midday and bringing attention to Plaintiff being escorted to and from the building by Daly. During the entire time while Plaintiff's personal belongings were being loaded into her vehicle and until Plaintiff drove away from the premises, Daly showed her presence.

**32.** Plaintiff had full access to the building and at all times during her employment entered and exited without any supervision or escort. Defendants are liable for putting Plaintiff in a false-light by engaging in activity undeserving to Plaintiff in her career as Project Supervisor and licensed Health Marketplace Guide under "Obamacare".

**33.** Defendants are liable for special damages to Plaintiff.

**COUNT IV AGAINST ALL DEFENDANTS**
(Disability and Retaliation)

34. Plaintiff incorporates herein by reference numbered paragraphs 1-33 above, as if specifically set forth herein.

35. It is not disputed that Defendants failed to accommodate Plaintiff's disability and that Plaintiff engaged in protected activity surrounding workplace injury.

36. Defendants denied Plaintiff's reimbursement request for her medical co-pay for workplace injury medical care on March 22, 2014 and denied Plaintiff's hiring reinstatement on May 22, 2014.

37. Defendants were adverse to Plaintiff reporting an Athena employee slip and fall in January 2014 at DFMC office parking lot.

38. There is a temporal proximity between Defendants' actions adverse to Plaintiff.

39. Disability discrimination and retaliation is prohibited by both State and Federal employment discrimination law whereby Plaintiff is entitled to compensatory, pecuniary, and punitive damages as well as attorney's fees and costs.

## PRAYER FOR RELIEF

Wherefore, for the forgoing reasons, Plaintiff M. Denise Tolliver prays that the Court upon verdict thereof enter judgment against Defendants for all damages awarded as a result of Defendants' deprivation of Plaintiff's rights under state and federal law:

i. Enter judgment against the Defendants.

ii. Enter a compensatory judgment against Defendants for unpaid unemployment ($7,800) and medical co-pay expense reimbursement ($15) in the amount of $7,815.

iii. Enter a declaratory judgment declaring the acts of Defendants' to be a violation of Plaintiff's rights.

iv. Enter judgment against individual Defendant and employer Defendants, jointly and severally, for compensatory damages in favor of Plaintiff.

v. Enter separate judgments against individual Defendants and employer Defendants for punitive damages at an amount deemed appropriate by the court.

vi. Enter a judgment against individual Defendant and employer Defendants for Plaintiff's attorney fees and costs as well as pre and post judgment interest for this action.

vii. Require such other further relief as the Court deems just and proper under the circumstances.

M. Denise Tolliver
Pro Se Plaintiff
109 Gardengate Road
Camden, DE 19934
mdtolliver@hotmail.com
(302) 242-1482

November 8, 2017