IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 17-1776-RGA** |
| | : Superior Court of the State of |
| DELMARVA FOUNDATION FOR | : Delaware in and for Kent County |
| MEDICAL CARE, et al., | : Case No. K17C-11-010 NEP |
| Defendants. | : |

M. Denise Tolliver, Camden, Delaware. Pro Se Plaintiff.

Joe P. Yeager, McCarter & English, LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

July 31, 2018
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Defendants, Delmarva Foundation for Medical Care, Quality Health Strategies, and Terri Daly, filed a notice of removal on December 8, 2017 of *Tolliver v. Delmarva Foundation for Medical Care*, Delaware Superior Court Case No. K17C-11-010 NEP. (D.I. 1). Plaintiff M. Denise Tolliver appears *pro se*. On December 11, 2017, Plaintiff filed a letter/motion to remand the matter to Superior Court. (D.I. 5) Also pending is Plaintiff's motion to strike. (D.I. 10). The matter has been fully briefed. For the reasons discussed below, the Court will deny Plaintiff's letter/motion to remand and will grant her motion to strike.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint contains claims that revolve around her employment with Delmarva Foundation for Medical Care. Plaintiff was hired on October 7, 2013, during year one of a two-year grant with a second-year renewal ending June 30, 2015. (D.I. 1-1 at ¶ 2). Funding for the second year was contingent. (*Id.*) Her employment was terminated on May 12, 2014. (D.I. 1-1 at ¶ 14, 15).

Count I of the Complaint alleges Delmarva Foundation for Medical Care and Quality Health Strategies breached the implied covenant of good faith and fair dealing; Count II is raised against all Defendants and alleges a violation of Title 19, Section 1108(3) of the Delaware Code for failure to provide notice to Plaintiff that she would be deprived of unemployment compensation; Count III of the Complaint is raised against all Defendants and alleges defamation; and Count IV is raised against all Defendants and alleges disability discrimination and retaliation as prohibited by both state and federal employment discrimination law. (D.I. 1-1 at ¶¶ 20-39). The Complaint asserts

1

jurisdiction in the Delaware Courts and refers to an August 14, 2017 EEOC notice of suit rights. (*Id.* at ¶ 6).

Plaintiff is a resident of Delaware, and the Complaint provides for service of all Defendants at an address in Easton, Maryland. (D.I. 1-1 at ¶¶ 7-10). The Complaint seeks compensatory and punitive damages and, specifically, $7,800 for unpaid unemployment and $7,815 for medical co-pay expense reimbursement. (*Id.* at ¶ ii).

## LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by the existence of either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1446 both provide that the action may be removed by the defendant to the district court of the United States. The removal statutes are strictly construed, and require remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

2

## DISCUSSION

After the matter was removed to this Court, Plaintiff filed a letter/motion for remand stating that her Complaint is composed of State claims and seeks less than $75,000. (D.I. 5). In addition, Plaintiff advises that a motion for default judgment is currently pending in State Court. (*Id.*). The motion for default judgment, dated December 9, 2017, seeks compensatory damages in the sum of $44,815 and punitive damages in an amount deemed appropriate by the court. (*Id.* at pp.4-7). In their notice of removal, Defendants claim only that the Court has federal question jurisdiction. In their opposition to remand, they now claim the Court also has diversity jurisdiction.[1] The Court will consider both standards.

**Federal Question Jurisdiction.** A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is clear that Counts I, II, and III raise claims under Delaware law. Defendants assert that this Court has original jurisdiction over the Complaint because Count IV asserts claims under federal anti-discrimination and anti-retaliation laws.

Defendants note the EEOC notice of suit rights is referred to in the Complaint, but there is no mention of a notice of right to sue from the Delaware Department of Labor as is required to bring an action under the Delaware Discrimination in Employment Act. They further note that Count IV does not refer to a state or federal

---

[1] Defendants sought an extension of time to file their opposition. On December 13, 2017, Plaintiff filed a letter objecting to the request for an extension of time. (D.I. 9) On December 19, 2017, she filed a formal opposition and a motion to strike her December 13, 2017 letter. (*See* D.I. 10). The Court will grant Plaintiff's motion to strike the December 13, 2017, letter. It will not be considered.

3

statute and alleges, "Disability discrimination and retaliation is prohibited by both State and Federal employment discrimination law." (D.I. 1-1 at ¶39). Defendants argue that Plaintiff cannot defeat federal jurisdiction by now claiming she asserts only state law claims.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). "[T]he federal law 'must be in the forefront of the case and not collateral, peripheral, or remote.'" *U.S. Express Lines v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 n.11 (1986)). In addition, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

There are two situations in which federal jurisdiction could be available even though a plaintiff bases claims contained in the complaint on state law: "when it appears that some substantial, disputed question of federal law is a necessary element of the well-pleaded state claims or . . . when it appears that plaintiff's claim is really one of federal law." *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994) (internal quotation marks and citations omitted). A state claim is "really one of

4

federal law" if the "federal cause of action completely preempts . . . [the] state cause of action." *Id.* (internal quotation marks and citations omitted).

An independent corollary to the well-pleaded complaint rule is the "artful pleading doctrine" and is used to determine whether a plaintiff seeks to defeat removal by omitting to plead necessary federal questions. *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998). The "artful pleading" doctrine "requires a court to peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." *Higgins,* 281 F.3d at 389 (internal citation omitted). If a court concludes that a plaintiff has "artfully pleaded" claims, it may uphold removal even if no federal claim appears on the face of the complaint. *See Rivet,* 522 U.S. at 475.

"[W]here a defendant's conduct gives rise to federal and state law violations and a plaintiff chooses not to raise federal claims in lieu of proceeding solely under state law, the artful pleading doctrine is inapplicable." *Byrd v. Frost,* 2008 WL 5412088, at *4 n.3 (E.D. Pa. Dec. 29, 2008) In addition, "[u]nless applied with circumspection, the artful pleading doctrine may raise difficult issues of federal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint." *United Jersey Banks v. Parell,* 783 F.2d 360, 368 (3d Cir. 1986).

Delaware law provides that when seeking to recover for employment discrimination a charging party may file a civil action in Superior Court after exhausting appropriate administrative remedies and the receipt of a Delaware right to sue notice. 19 Del. C. § 714(a). The statute provides that the charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to

5

avoid unnecessary costs, delays and duplicative litigation. *Id.* at § 714(c). The charging party is barred by the election of remedies from filing cases in both Superior Court and the federal forum and, if the charging party files in Superior Court and in a federal forum, the respondent may file an application to dismiss the Superior Court action under this election of remedies provision. *Id.*

Plaintiff alleges disability discrimination but does not mention the ADA or any other federal law in her complaint. At most, the Complaint refers to the fact that disability discrimination and retaliation is prohibited by both state and federal law. She does not, as Defendants contend, specifically invoke federal law. Nor do I consider the claims as ones that are "artfully pled" so that Plaintiff may avoid federal jurisdiction. Plaintiff is aware that she may seek relief through state law remedies or under federal law. She opted to proceed in State Court, and I do not consider the fact that she relied upon the EEOC notice of suit rights when commencing the claim as a means to state a federal claim given that the EEOC erred when it processed her dual claim. Plaintiff brought to the Court's attention that when she filed her dual charge of discrimination with the EEOC, the EEOC erred when its office dual filed with the Maryland Commission of Civil Rights instead of the Delaware Department of Labor. (D.I. 19 at 4). The EEOC corrected its error, filed the charge with the Delaware Department of Labor, and the Delaware Department of Labor issued a right to sue notice. (D.I. 19 at 4; D.I. 23-1).

Plaintiff does not assert a federal claim in her Complaint, and federal law does not exclusively govern her claims. Accordingly, this Court lacks subject matter

6

jurisdiction by reason of a federal question. The Court turns next to the issue of diversity jurisdiction.

**Diversity Jurisdiction.** District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Defendants argue that even if the Complaint is construed as asserting only State law claims, this Court has jurisdiction by reason of diversity. Defendants assert there is diversity of citizenship and the amount in controversy is more than $75,000. Plaintiff replies that the parties are non-diverse and her liquidated damages are less than $75,000.

To support their position of diversity of citizenship, Defendants provide the declaration of Deborah Keller, Vice President of Human Resources for Quality Health Strategies, Inc. (D.I. 11-1 at 1-2). She states that: (1) when Terri Daly was employed by Quality Health Strategies, Inc. she resided in Columbia, Maryland;[2] (2) Quality Health Strategies, Inc. is a Maryland non-profit corporation with its principal place of business in Easton, Maryland; (3) Quality Health Strategies, Inc. is the parent company to Delmarva Foundation for Medical Care; and (4) Delmarva Foundation for Medical Care is a Maryland non-profit corporation with its principal place of business in Easton, Maryland. Plaintiff contends that Delmarva Foundation for Medical Care operated from three offices in Delaware and under a Delaware business license. (D.I. 10). She also contends that it is a Delaware corporation. (D.I. 12).

---

[2] The notice of removal states that Daly is now a resident of Colorado. (D.I. 1 at ¶ 6).

7

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the existence of complete diversity between the parties – "'that is, no plaintiff can be a citizen of the same state as any of the defendants.'" *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citation omitted). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendants presented a declaration that both Delmarva Foundation for Medical Care and Quality Health Strategies are incorporated in Maryland and their headquarters and principal place of business are also located in Maryland. While Plaintiff argues that Delmarva Foundation for Medical Care is a Delaware corporation, she provides nothing, other than her argument, to support this position. Accordingly, the Court finds that there is complete diversity of citizenship.

The Court now considers the amount in controversy requirement. The prayer for damages seeks compensatory damages in the sums of $7,800 and $7,815, as well as punitive damages in an amount deemed appropriate by the court. Defendants argue that based upon Plaintiff's claim of lost wages for the second-year renewal and alleged loss of benefits and unemployment, combined with punitive damages, it is more likely than not that the amount in controversy at the time of removal exceeded $75,000. Plaintiff argues that her liquidated damages are less than $75,000 and that civil penalties are awarded under 19 Del. C. § 715.

While the general federal rule is to decide the amount in controversy from the Complaint itself, when punitive damages are sought, a court may include them in the amount in controversy unless the demand is "patently frivolous and without foundation."

8

*See Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). "Punitive damage claims are per se patently frivolous and without foundation if they are unavailable as a matter of state substantive law." *Id.* (citations and internal quotation omitted). "If appropriately made,... a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Id.*

Plaintiff raises four claims under Delaware law and seeks punitive or special damages for each claim. Delaware law provides for the recovery of punitive damages for the claims in Counts I, III, and IV, as follows: (1) Count I, breach of the implied covenant of good faith and fair dealing, *see Bhole, Inc. v. Shore Investments, Inc.*, 67 A.3d 444, 454 (Del. 2013) (under Delaware law, "punitive damages are not recoverable for breach of contract unless the conduct also amounts independently to a tort"); *Schatzman v. Martin Newark Dealership, Inc.*, 158 F. Supp. 2d 392, 399 (D. Del. 2001) ("punitive damages can be awarded under Delaware law for breach of the implied covenant of good faith and dealing; (2) Count III, defamation, *see Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1190 (Del. 2000) (no basis for distinguishing between punitive damages in defamation cases and other tort causes of action; imposition of such damages requires factual showing of recklessness and that the award is proportionate to the award of compensatory damages); and (3) Count IV, employment discrimination, *see* 19 Del. C. § 715(1)c. (punitive damages may be awarded when appropriate for discrimination in employment claims). Punitive damages are not recoverable for the claims raised in Count II alleging violations of Delaware's Wage Payment and

9

Collection, *see Rodas v. Service Gen. Corp.*, 2010 WL 2355314, at *1 (Del. Super. June 10, 2010).

As pled, the Complaint suggests that Plaintiff seeks to maximize her recovery and, in seeking punitive damages, her recovery could exceed the jurisdictional limit of $75,000. While Plaintiff argues that damages are less than $75,000 she relies upon 19 Del. C. § 715 which provides for the recovery of "compensatory damages, including but not limited to general and special damages, [and] punitive damages when appropriate." *Id.* at § 715(1)c. I find that the amount in controversy requirement is met and, therefore, the requisites for diversity jurisdiction have been met. Accordingly, Plaintiff's letter/motion to remand will be denied.

## CONCLUSION

For the above reasons, the Court will deny Plaintiff's letter/motion to remand and will grant Plaintiff's motion to strike. (D.I. 5, 10).

An appropriate Order will be entered.