IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DENISE TOLLIVER,               :
                                  :
        Plaintiff,                :
                                  :
    v.                            : **Civil Action No. 17-1776-RGA**
                                  : Superior Court of the State of
DELMARVA FOUNDATION FOR           : Delaware in and for Kent County
MEDICAL CARE, et al.,             : Case No. K17C-11-010 NEP
                                  :
        Defendants.               :

M. Denise Tolliver, Camden, Delaware. Pro Se Plaintiff.

Joe P. Yeager, McCarter & English, LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 3, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff M. Denise Tolliver, who appears *pro se*, filed this action in the Superior Court of the State of Delaware in and for Kent County. It was removed to this Court on December 8, 2017, by Defendants Delmarva Foundation for Medical Care, Quality Health Strategies, and Terri Daly. (D.I. 1). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending is Defendants' motion to dismiss and Plaintiff's motion for expedited proceedings and relief. (D.I. 13, 22). The matters have been fully briefed. For the reasons discussed below, the Court will grant Defendants' motion and will deny Plaintiff's motion. Plaintiff will be given leave to file an amended complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint contains claims that revolve around her employment with Delmarva Foundation for Medical Care. Plaintiff was hired on October 7, 2013, during year one of a two-year grant with a second-year renewal ending June 30, 2015. (D.I. 1-1 at ¶ 2). Funding for the second year was contingent. (*Id.*) Her employment was terminated on May 12, 2014. (D.I. 1-1 at ¶¶ 14, 15).

Count I of the Complaint alleges Delmarva Foundation for Medical Care and Quality Health Strategies breached the implied covenant of good faith and fair dealing; Count II is raised against all Defendants and alleges a violation of Title 19, Section 1108(3) of the Delaware Code for failure to provide notice to Plaintiff that she would be deprived of unemployment compensation; Count III of the Complaint is raised against all Defendants and alleges defamation; and Count IV is raised against all Defendants and alleges disability discrimination and retaliation as prohibited by state employment

1

discrimination law. (D.I. 1-1 at ¶¶ 20-39). Plaintiff seeks compensatory and punitive damages. (*Id.* at ¶ ii).

Defendants move to dismiss on the grounds that: (1) Counts I, II, and III are time-barred; (2) Counts II and IV fail to state claims upon which relief may be granted; (3) the Court lacks personal jurisdiction over Quality Health Strategies; and (4) Daly was never served with the summons and complaint. (D.I. 14).

Plaintiff has filed a motion to expedite the proceedings and relief. (D.I. 22). Plaintiff's motion will be dismissed as moot.

## LEGAL STANDARDS

**Rule 12(b)(2).** Rule 12(b)(2) of the Federal Rules of Civil Procedure directs dismissal when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). A plaintiff "need only establish a prima facie case of personal jurisdiction" when the court has not held an evidentiary hearing. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one

2

constitutional. *See Time Share*, 735 F.2d at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Reach & Assocs.*, 269 F. Supp. 2d at 502. With respect to the constitution, it requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under of Delaware's long-arm statute, 10 Del. C. § 3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C. § 3104(c)(1)-(4).

With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354-55 (D. Del. 2008). Subsection (c)(4) confers general jurisdiction, which requires a greater extent of contacts, but allows the exercise of personal jurisdiction even when the claim is unrelated to the forum contacts. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

3

If a defendant is found to be within the reach of the long-arm statute, the court must then analyze whether the exercise of personal jurisdiction comports with due process by determining whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). The court may exercise specific jurisdiction consistent with due process when the plaintiff's cause of action arises from the defendant's activities in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The court may exercise general jurisdiction consistent with due process when the plaintiff's cause of action is unrelated to the defendant's activities in the forum state, so long as the defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc.*, 772 F. Supp. at 1470.

The "paradigm" basis for general jurisdiction, for a corporation, are its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Supreme Court rejected the notion that "continuous and systematic" contacts alone could confer general jurisdiction and clarified that the role of general jurisdiction is to "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 137-38.

**Rule 12(b)(6).** In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint,

4

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to

5

draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**Jurisdiction.** Defendants move for the dismissal of Quality Health Strategies for lack of personal jurisdiction. They argue that there is neither general jurisdiction nor specific jurisdiction. Plaintiff did not specifically address the issue of jurisdiction, although she responded with a number of exhibits. (D.I. 16, 18). She contends, as she alleged in the Complaint, that Quality Health Strategies is a joint employer. (D.I. 19 at 2).

Quality Health Strategies is a nonprofit Maryland corporation with its principal place of business in Maryland. (D.I. 11-1 at p.1). It is the parent company of Delmarva Foundation for Medical Care. (*Id.*). Delmarva Foundation for Medical Care entered into a Professional Services Agreement with the State of Delaware Department of Health and Social Services, Division of Medicaid and Medical Assistance to provide consumer assistance and outreach and communication services in connection with the implementation of the federal Patient Protection and Affordable Care Act in Delaware. (D.I. 18, Ex.). Plaintiff applied for her position with Delmarva Foundation for Medicare Care, Inc. using a Quality Health Strategies "openhire" website. (D.I. 16 at 3). On September 30, 2013, she received a "Welcome to Onboarding at Quality Health Strategies" email when she was hired. (*Id.* at 8). Finally, Plaintiff provided a letter on Quality Health Strategies letterhead, dated January 28, 2014, and addressed "To Whom It May Concern" which states that Plaintiff was employed by Delmarva Foundation for Medical Care, Inc. and that she worked from "our" Delaware City Office. (D.I. 16 at 4).

**General Jurisdiction.** General jurisdiction does not exist over Quality Health Strategies in the present case. It is incorporated in Maryland and has its principal place of business in Maryland. (D.I. 11-1 at 1). Therefore, there is no evidence that suggests Quality Health Strategies is "at home" in Delaware. *Daimler*, 571 U.S. at 127. In addition, the Delaware Supreme Court, in applying *Daimler,* rejected the notion that "a corporation is subject to general jurisdiction in every state in which it 'engages in a substantial, continuous, and systematic course of business' calling that position 'unacceptably grasping.'" *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 136 (Del. 2016) (quoting *Daimler*, 571 U.S. at 138).

There is no general jurisdiction based upon Plaintiff's allegations of a joint employer. The joint employer theory is "relevant for determining liability, but are not for determining whether a court may exercise personal jurisdiction over a party." *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012).

Nor is there general jurisdiction based upon the allegations that Quality Health Strategies is the parent company and/or alter ego of Delmarva Foundation for Medical Care. "The parent-subsidiary relationship itself is not sufficient to establish in personam jurisdiction over the parent entity." *In re Enterprise*, 735 F. Supp. 2d at 317–18; *see also Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981) (discussing factors relevant for jurisdictional analysis between a parent and a subsidiary), *abrogated on other grounds*, *EF Operating Corp. v. American. Bldgs.*, 993 F.2d 1046, 1049 n.1 (3d Cir. 1993). At most, the record reflects that Delmarva Foundation for Medical Care and Quality Health Strategies shared a website seeking applications for employment, used

7

the same letterhead and onboarding process email address. However, this does not make out a prima facie case of alter egos, and therefore does not show general jurisdiction.[1] *See Wiseman v. ING Groep, N.V.*, 2017 WL 4712417, at *13 (S.D.N.Y. Sept. 28, 2017).

Based upon the record, the Court finds that it cannot exercise general jurisdiction over Quality Health Strategies, Inc.

**Specific Jurisdiction**. Since there is no general jurisdiction over Quality Health Strategies, the relevant inquiries are whether it transacted business, contracted to transact business, or committed a tortious injury through its actions in Delaware, such that there is specific jurisdiction. *See* 10 Del. C. § 3104(c) (1)-(3).

Defendants argue there is no specific jurisdiction because Plaintiff was not employed nor terminated by Quality Health Strategies; Quality Health Strategies has no offices or employees in Delaware; and it does not regularly solicit business or advertise in Delaware. While not clear, it seems that Plaintiff submitted the Professional Services Agreement to support a finding of specific jurisdiction under 10 Del. C. § 3104(c)(2) that Quality Health Strategies contracted to perform business in Delaware. However, Quality Health Strategies is not a party to the Professional Services Agreement. In fact, Quality Health Strategies is not mentioned in any form or fashion in the contract. Accordingly, the Court finds that Plaintiff has not met her burden to show specific jurisdiction.

---

[1] It appears that there probably is not general jurisdiction over Delmarva Foundation for Medical Care either, as it appears to be a Maryland corporation with a principal place of business in Maryland. (D.I. 11-1 at 1). But there is no doubt that there is specific jurisdiction over Delmarva Foundation for Medical Care.

8

Plaintiff did not present any competent evidence to meet her burden to establish that either specific or general personal jurisdiction exists over Quality Health Strategies. Because Plaintiff has not demonstrated a basis for personal jurisdiction, the Court will grant Defendants' motion to dismiss Defendant Quality Health Strategies, Inc.

**Statute of Limitations**. Defendants move for dismissal of Counts I, II, and III as time-barred. Plaintiff argues that the Defendants' position should be disregarded.

Plaintiff's employment was terminated on May 12, 2014. Plaintiff commenced this action on November 8, 2017. Count I raises a claim for breach of the implied covenant of good faith and fair dealing. There is a three-year statute of limitations for this type of claim. *See* 10 Del. C. § 8106; *Schuster v. Derocili*, 775 A.2d 1029, 1034 (Del. 2001). Count I is time-barred, having been filed nearly six months too late.

Count II alleges violations of Title 19, Section 1108(3) of the Delaware Code for failure to provide notice to Plaintiff that she would be deprived of unemployment compensation. To the extent Plaintiff seeks unemployment compensation, her remedy lies with the Delaware Department of Labor and its Unemployment Insurance Appeal Board. *See* 19 Del. C. §§ 3318-24. To the extent Plaintiff raises a claim for the payment of wages, the claim must be filed within one year from the date the cause of action accrues. *See* 10 Del. C. § 8111; *Little Switzerland, Inc. v. Hopper*, 867 A.2d 955, 956 (Del. Ch. 2005). Count II is time-barred, having been filed more than two years too late.

Count III raises a defamation claim. The Complaint alleges the defamation occurred on May 12, 2014, the day Plaintiff was terminated and escorted from the workplace. (D.I. 1-1 at ¶¶ 14-17). The statute of limitations for defamation is two years.

See 10 Del. C. § 8119; *Smith v. Delaware State Univ.*, 47 A.3d 472, 479 (Del. 2012). Count III is time-barred, having been filed over one year too late.

Counts I, II, and III are time-barred. Therefore, the Court will grant Defendants' motion to dismiss Count I, II, and III.

**Disability Discrimination.** Defendants move to dismiss Count IV on the grounds that the disability discrimination and retaliation allegations fail to state claims upon which relief may be granted, Plaintiff has failed to exhaust her administrative remedies, and Daly is not an employer for the purposes of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* or Delaware's Discrimination in Employment Act ("DDEA"), 19 Del. C. § 710 *et seq.*[2]

A claim for employment discrimination based upon disability discrimination and retaliation may be raised under the Delaware Handicapped Persons Employment Protections Act ("DHPEPA"), 19 Del. C. § 724(a)(2) and § 726. Delaware's employment discrimination laws are substantially the same as their federal counterparts, and it is appropriate to apply federal case law to discrimination claims raised under the DDEA or DHPEPA. *See Gary v. R.C. Fabricators, Inc.*, 2014 WL 4181479, at *19 (Del. Super. July 30, 2014) (DDEA).

The Court turns to the issue of exhaustion. Defendants argue that Plaintiff's employment discrimination claim must be dismissed because she never filed the required complaint of discrimination with the Delaware Department of Labor. Plaintiff provided documentation, however, that when she filed her dual charge of discrimination

---

[2] The Court has previously determined that Plaintiff's Complaint raises employment discrimination claims under state law. (D.I. 24 at 6-7).

10

with the EEOC, the EEOC erred as its office dual filed with the Maryland Commission of Civil Rights instead of the Delaware Department of Labor. (D.I. 19 at 4). The EEOC corrected its error, filed the charge with the Delaware Department of Labor, and the Delaware Department of Labor issued a right to sue notice. (D.I. 19 at 4; D.I. 23-1).

Plaintiff has provided the EEOC notice of suit rights and the Delaware Department of Labor right to sue notice. (D.I. 1-3 at 2; D.I. 23-1). She has also provided the EEOC intake questionnaire she completed, but it does not provide any specifics regarding her claim of disability discrimination, although it does refer to the organization/employer as "Delmarva Foundation for Medical Care/Quality Health Strategies." (D.I. 16 at 10).

Delaware law provides that when seeking to recover for employment discrimination, a charging party may file a civil action in Superior Court after exhausting appropriate administrative remedies and the receipt of a Delaware right to sue notice. 19 Del. C. § 714(a). I think it is clear that Plaintiff has exhausted administrative remedies as to a claim she raises against Delmarva Foundation for Medical Care, Quality Health Strategies, or both, but, because I do not have the charge or charges of discrimination filed by Plaintiff, I am unable to determine which claim.[3] Therefore, dismissal of the employment discrimination claims is appropriate, but with leave to amend.

In addition, the disability discrimination claims are deficiently pled. To state a claim for disability discrimination, Plaintiff must establish that she (1) has a disability or

---

[3] Defendants' supporting brief refers to Ex. A as Plaintiff's charge of discrimination filed with the EEOC. However, it is not attached to the filing. (See D.I. 14 at p.9)

11

handicap under the DHPEPA; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she suffered an adverse employment action as a result of discrimination. *See e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To qualify as handicapped under the DHPEPA, the claimant must show that she has: "(a) . . . a physical or mental impairment which substantially limits one or more major life activities; (b) . . . a record of such an impairment; or (c) is regarded as having such an impairment." 19 Del. C. § 722; *see also Miller v. Aramark Healthcare Support Services*, 555 F. Supp. 2d 463, 472 (D. Del. 2008). The Complaint alleges that Plaintiff has a disability and that Defendants failed to accommodate the disability but does not describe Plaintiff's alleged impairment or how Defendants allegedly failed to accommodate it. (D.I. 1-1). As currently pled, the Complaint fails to state a claim for disability discrimination.

Plaintiff also alleges retaliation which is prohibited by the DHPEPA. *See* 19 Del. C. § 726. To state a retaliation claim Plaintiff must allege: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *See Wagenhoffer v. Visionquest Nat'l Ltd.*, 2016 WL 3947952, at *7 (Del. Super. July 14, 2016) (DDEA retaliation).

Plaintiff alleges she engaged in protected activity when she reported an Athena employee slip and fall in January 2014, which occurred in the Delmarva Foundation for Medical Care office parking lot. It is not clear if Plaintiff refers to her own injury or another Athena employee's injury. She alleges that Defendants were "adverse" to this

12

reporting. She also alleges Defendants denied her request for medical co-pay for workplace injury medical care on March 22, 2014 and denied her hiring reinstatement on May 22, 2014.

It seems that Plaintiff is alleging retaliation related to a workplace injury. If this is the case, then the claim would arise under Delaware's Workers' Compensation Act. As alleged, it simply is not clear if Plaintiff intends to raise a retaliation claim related to her disability discrimination claim. The claim is deficiently pled.

Finally, Defendants move to dismiss the disability discrimination and retaliation claims raised against Daly. It is well-established that individuals cannot be held liable under Title I of the ADA, which is the federal counterpart to Plaintiff's disability discrimination claim. *See Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002). And there is no individual liability based on retaliation for the exercise of rights under Title I of the ADA. *See, e.g., Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 719 (D. Del. 2008). The disability discrimination claim and retaliation claim against Daly are not cognizable and, therefore, they will be dismissed.[4]

The Court will grant Defendants' motion to dismiss Count IV. Plaintiff will be given leave to amend her employment discrimination and retaliation claims against Delmarva Foundation for Medical Care, Inc. In amending, Plaintiff shall provide the Court with a copy of the charge or charges of discrimination that she dual filed.

## CONCLUSION

---

[4] The Court will not address the issue of whether dismissal is appropriate on the grounds that Daly was not properly served. All claims against her will be dismissed as either time-barred or non-cognizable.

13

For the above reasons, the Court will grant Defendants' motion to dismiss (D.I. 13) and will dismiss as moot Plaintiff's motion for expedited proceedings and relief. (D.I. 22).

An appropriate Order will be entered.