IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 17-1776-RGA** |
| | : Superior Court of the State of |
| DELMARVA FOUNDATION FOR | : Delaware in and for Kent County |
| MEDICAL CARE, | : Case No. K17C-11-010 NEP |
| Defendant. | : |

M. Denise Tolliver, Camden, Delaware. Pro Se Plaintiff.

Joe P. Yeager, McCarter & English, LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 3, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff M. Denise Tolliver, who appears *pro se*, filed this action in the Superior Court of the State of Delaware in and for Kent County on November 8, 2017. It was removed to this Court on December 8, 2017, by Defendant Delmarva Foundation for Medical Care. (D.I. 1). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Pending is Defendant's motion to dismiss the Amended Complaint. (D.I. 45). The matter has been fully briefed. For the reasons discussed below, the Court will grant Defendant's motion and will give Plaintiff leave to file a second amended complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Plaintiff's termination of employment. Plaintiff is an African American who was sixty years old when she filed her charge of discrimination. (D.I. 29-2 at 2) She was hired by Defendant on October 7, 2013, as a project coordinator. (*Id.*) In February 2014, she submitted a request to human resources for a reasonable accommodation, and on May 12, 2014, her employment was terminated. (*Id.*).

On August 8, 2018, the Court dismissed the original complaint upon Defendants' motion. (D.I. 27, 28). Plaintiff was given leave to amend against Defendant and only as to the claims in Count IV of the original complaint - the employment discrimination and retaliation claims. All other claims and defendants were dismissed.

Plaintiff filed an Amended Complaint on August 6, 2018. (D.I. 29). The Amended Complaint raises claims for violations of Title I and V of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the

1

Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 710, *et seq.*[1]
alleging disability discrimination, the withholding of reasonable accommodation, and
retaliation. (D.I. 29 at ¶ 1). Exhibits attached to the Amended Complaint include an
EEOC intake questionnaire dated October 21, 2014, emails, the October 21, 2014
charge of discrimination, and a notice of suit rights.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to
state claims upon which relief may be granted on the grounds that: (1) Defendant is not
an employer under the DPDEPA, 19 Del. C. § 720, *et seq.*;[2] and (2) the Amended
Complaint did not correct the pleading defects of the original complaint.

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept
all factual allegations in a complaint as true and take them in the light most favorable to
plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds
*pro se*, her pleading is liberally construed and her complaint, "however inartfully
pleaded, must be held to less stringent standards than formal pleadings drafted by
lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record,
orders, exhibits attached to the complaint, and documents incorporated into the
complaint by reference. *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322
(2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded

---

[1] I think Plaintiff refers to the Delaware Persons with Disabilities Employment Protections Act ("DPDEPA"), 19 Del. C. § 720, *et seq.*

[2] In the alternative, Defendant moves for summary judgment should the Court find it necessary to consider facts outside the pleadings on the grounds that it is not an employer as defined under the DPDEPA. The Court declines to convert the instant motion to one for summary judgment and considers only whether dismissal is appropriate.

2

allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, for an imperfect statement of the legal theory behind the complaint. *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**Disability Discrimination under the DPDEPA and ADA**. The Court liberally construes the Amended Complaint as raising claims under the DPDEPA and the ADA. A claim for employment discrimination based upon disability discrimination and retaliation may be raised under the DPDEPA, 19 Del. C. § 724(a)(2) and § 726.

3

Delaware's employment discrimination laws are substantially the same as its federal counterparts, and it is appropriate to apply federal case law to discrimination claims raised under the DDEA or DPDEPA. *See Gary v. R.C. Fabricators, Inc.*, 2014 WL 4181479, at *19 (Del. Super. July 30, 2014).

**Employer**. Defendant moves to dismiss on the grounds that it did not meet the statutory definition of an employer during the relevant time frame of the events in question and, therefore, the claims against it must be dismissed. Defendant contends that it never had more than two employees in the State of Delaware. The Amended Complaint alleges that Plaintiff's employment was terminated in May 2014 and, at the time, Defendant had in its employ 201 employees. (D.I. 29 at ¶ 6; D.I. 29-2 at 2).

The statute in effect at the time Plaintiff's employment was terminated defined an employer as "any person employing, within the State, 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 19 Del. C. § 722(3) (effective through Jan. 30, 2015).[3] The statute was amended, effective January 30, 2015, to define an employer as "any person employing four or more employees within the State at the time of the alleged violation. . . ." 19 Del. C. § 710(7).

Here, Plaintiff adequately alleges Defendant is an employer under the Act. Defendant contends it is not. While Defendant provides some evidence to support its

---

[3] Under the ADA an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." 42 U.S.C.A. § 12111.

4

position, to date the Court has not entered a scheduling and discovery order and no discovery has taken place. Given the posture of the case, the Court will deny dismissal on this ground, and will permit the parties to engaged in discovery on this issue. Upon completion of discovery, Defendant is free to challenge the viability of Plaintiff's claims on this basis through a motion for summary judgment.

**Accommodation**. Defendant moves to dismiss the failure to accommodate claim on the grounds that Plaintiff failed to cure her pleading defects. To state a claim for disability discrimination, Plaintiff must establish that she (1) has a disability or handicap under the DPDEPA or the ADA; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she suffered an adverse employment action as a result of discrimination. *See, e.g.*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To qualify as "a person with a disability" under the DPDEPA or the ADA, the claimant must show that she: "(a) has a physical or mental impairment which substantially limits one or more major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment." 19 Del. C. § 722(4); *see* 42 U.S.C. § 12102(2)(A)-(C); *see also Miller v. Aramark Healthcare Support Services*, 555 F. Supp. 2d 463, 472 (D. Del. 2008).

As in the original Complaint, the Amended Complaint alleges that Plaintiff has a disability (*i.e.*, PTSD (D.I. 29 at 4)) and that Defendants failed to accommodate the disability. The Amended Complaint does not describe how Plaintiff's condition affected her ability to perform the essential functions of her position or how Defendant allegedly failed to accommodate Plaintiff's disability. As currently pled, the Amended Complaint

5

fails to state a claim for disability discrimination. Therefore, the Court will grant Defendant's motion to dismiss the claim.

**Retaliation**. Defendant moves to dismiss the retaliation claim on the grounds that Plaintiff failed to cure her pleading defects. Plaintiff alleges retaliation which is prohibited by the DPDEPA and the ADA. *See* 19 Del. C. § 726; 42 U.S.C. § 12203(a). To state a retaliation claim, Plaintiff must allege: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997); s*ee Wagenhoffer v. Visionquest Nat'l Ltd.*, 2016 WL 3947952, at *7 (Del. Super. July 14, 2016) (setting forth elements for case of retaliation under the DDEA).

As in the original complaint, the Amended Complaint alleges that Plaintiff engaged in protected activity when she "reported an Athena employee parking lot 'slip and fall'" in January 2014 that occurred in Defendant's parking lot. The project manager acted in a hostile manner towards her a few days later, referencing the accident. In addition, she alleges that her employment was terminated after she discussed workers' compensation (following a work-related injury on March 22, 2014) and an ADA accommodation with human resources.

It seems that Plaintiff is alleging retaliation related to her report of an individual's injury, her own workplace injury, and/or because she requested an ADA accommodation. It simply is not clear. If her claim is that retaliation occurred because she reported the Athena employee's fall, it is hard to see how that is protected activity.

6

If the claim is that retaliation occurred after Plaintiff filed a workers' compensation claim, then the claim would arise under Delaware's Workers' Compensation Act and not under the DPDEPA and the ADA. If her claim is that retaliation occurred because she sought an accommodation for her disability, which is protected activity, then her claim would arise under the DPDEPA and the ADA. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003) ("The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC . . . ."). It is unclear as to what the accommodation is that Plaintiff sought, although it seems possible that it was a transfer to the Kent County office (D.I. 29 at 5 (discussing denial of request for transfer on March 25 following workplace injury on March 22)), even though from the timeline of events, it seems more likely it was in connection with the workplace injury. As mentioned, her complaint says her disability is PTSD. Her EEOC Intake Questionnaire described her disability as "Cognitive – sleeping and breathing and Physical – lifting." (D.I. 29-1 at 4 (Question 10)). She further reported that she had asked for an "Accommodations plan" on February 5, 2014, and that is was "accepted" by her employer. (*Id.* (Question 12)). In Plaintiff's "Charge of Discrimination," she elaborated, "Despite agreeing to the terms within my request, I believe Respondent failed to adhere to specifics within the submitted request." (D.I. 29-2 at 2). In the Amended Complaint, Plaintiff alleges that her medical provider gave her employer a "Mental Health Workplace Accommodations" document. (D.I. 29 at 5). She alleges that on March 25, 2014, she "discussed" ADA accommodations with one of her employer's HR employees. (*Id.*). As alleged, the factual basis for a claim of retaliation related to her disability is deficiently pled because the Amended Complaint does not

plausibly allege a causal connection between some protected activity and/or the denial of a transfer to the Kent County office and/or her termination. I understand Plaintiff is *pro se*, but the Amended Complaint insufficiently states a complaint of disability retaliation. Therefore, Defendant's motion to dismiss as to this ground will be granted.

**Amendment**. Plaintiff is pro se; she will be given one final opportunity to amend her employment discrimination and retaliation claims against Defendant. As to the discrimination claim, if the claim is based on a failure to accommodate, she should at a minimum state what the disability was, what accommodation was sought, what accommodation was not given, and how that impacted her ability to perform her job. As to the retaliation claim, she should state what the disability was, what the protected activity was, and what the retaliation for engaging in the protective activity was.

## CONCLUSION

For the above reasons, the Court will grant Defendant' motion to dismiss. (D.I. 45).

An appropriate Order will be entered.