IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 17-1776-RGA** |
| DELMARVA FOUNDATION FOR MEDICAL CARE, | : |
| Defendant. | : |

### MEMORANDUM ORDER

At Wilmington this 19th day of January, 2021, having considered Plaintiff's motion to vacate judgment and reopen the case (D.I. 85);

IT IS ORDERED that the motion (D.I. 85) is **DENIED**, for the reasons that follow:

**Background.**   Plaintiff commenced this action in the Superior Court of the State of Delaware in and for Kent County, and it was removed to this Court.   In the initial Complaint, Plaintiff raised employment discrimination and retaliation claims and supplemental claims under Delaware law.   The Court's August 3, 2018, September 3, 2019, and July 28, 2020 Memorandum Opinions and Orders provide the background of this case.   (*See* D.I. 27, 28, 64, 65, 83, 84).

Following amendments and dismissal of many claims, the Second Amended Complaint raised claims for violations of Title I and V of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.   (D.I. 67).   On July 28, 2020, the Court dismissed *sua sponte* without prejudice those claims that Plaintiff failed to administratively exhaust[1]

---

[1] In an October 31, 2020 letter to the Court, Plaintiff asserts that the Court improperly dismissed those claims that had not yet been administratively exhausted.   The failure

and granted Defendant's motion to dismiss with prejudice all other claims.  (D.I. 83, 84).  Plaintiff has filed a motion to vacate judgment and reopen the case, opposed by Defendant.  (D.I. 85, 87).  The Court construes the motion as a motion for reconsideration.

**Reconsideration**.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Plaintiff argues that she is a qualified individual with a disability whose work was substantially limited by her disability and the side effects from medication taken for the disability.  (D.I. 85 at 2).  Plaintiff contends that the Court omitted material facts in dismissing the Second Amended Complaint.  She refers to a reduction in force, her May 13, 2014 request for reinstatement, and Defendant's "delayed" response on May 22, 2014, that denied her rehire request.  (*Id.*).  Plaintiff argues that Defendant had an affirmative duty to engage in "interactive process in hiring and to accommodate [her]

---

to exhaust claims were dismissed without prejudice.  *See Fernandez v. Rose Trucking*, 429 F. App'x 145 (3d Cir. 2011) (affirming the district court's *sua sponte* dismissal of plaintiff's ADA claim for failure to exhaust administrative remedies); *Phillips v. Sheraton Hill Soc'y*, 163 F. App'x 93 (3d Cir. 2005) (noting that a district court may *sua sponte* dismiss an ADA claim for failure to exhaust so long as the claim is dismissed without prejudice).

disability." (*Id.* at 3). Plaintiff also states she is "seeking an attorney to represent me in my case."[2] (*Id.*).

The July 28, 2020 Memorandum Opinion and Order that dismissed the Second Amended Complaint addressed Plaintiff's May 2014 allegations. (*See* D.I. 83 at 3 ("On May 12, 2014, Plaintiff was either laid off or her employment was terminated"); at 4 ("Plaintiff alleges that on the day she was terminated a Kent County lead position became available . . . . Plaintiff alleges that on May 22, 2014, her request for reinstatement to complete her contract at Kent County was denied"); at 9 ("Plaintiff alleges that on May 22, 2014, after her May 12, 2014 termination, she requested, and was denied, reinstatement to complete her contract at Defendant's Kent County location even though the Kent County lead position remained [open]"); at 10 ("Plaintiff also argues that . . . a May 9, 2014 email that requested information specific to her role and responsibilities at a May 12, 2014 meeting and expressing safety concerns . . . support her position that Defendant was informed of Plaintiff's need for an accommodation."); at 11 ("Nor, as pled, is it plausible that Plaintiff made a request in March for a position that did not become vacant until May"); at 14 ("Plaintiff's employment ended on May 12,

---

[2] I do not think Plaintiff is requesting that I appoint her counsel. She has retained counsel in at least one of the other cases she has filed. *See Tolliver v. Highmark BCBSD, Inc.*, No. 18-797-RGA (D.I. 26) (D.Del. June 5, 2019). In the event her statement is interpreted as requesting that I appoint her counsel, the request is denied. This Court's docket does not indicate that Plaintiff has sought pauper status. Nor does the State Court docket indicate that Plaintiff sought pauper status prior to removal to this Court. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(1). Plaintiff has never sought *in forma pauperis* and, therefore, does not qualify for counsel under § 1915.

3

2014 and ten days later, on May 22, 2014, she requested reinstatement to work at Defendant's Kent County location. The request was denied.").

While Plaintiff is dissatisfied with the dismissal of her case, the Court finds no error and Plaintiff has provided no grounds for reconsideration.   Therefore, the motion for motion for reconsideration will be denied.

**Rule 60(b)**.   Finally, the Court will deny Plaintiff's motion to vacate the July 28, 2020 Memorandum Opinion and Order to the extent she seeks relief under Rule 60(b), even though she does not reference this federal rule.   Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion filed pursuant to Rule 60(b) is committed to the sound discretion of the district court guided by accepted legal principles as applied in light of all relevant circumstances.   *See Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). The burden to obtain relief under Rule 60(b) rests on the moving party, and it is a difficult standard to meet.   *See generally Bonus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).   Plaintiff's motion provides no basis for relief under 60(b) to the extent that is

4

what she seeks.   She has failed to meet her burden and, therefore, the motion will be denied.

                                                   /s/ Richard G. Andrews  
                                                   UNITED STATES DISTRICT JUDGE